UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNA A. RIDLEY,                    )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   Civil Action No. 13-1388 (EGS)
                                    )
DYNAMIC VISION HOME HEALTH          )
SERVICES, *et al.*,                 )
                                    )
         Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on Defendant the District of Columbia Office of Human Rights' Motion to Dismiss [ECF No. 11] and Federal Defendant's Motion to Dismiss for Failure to State a Claim or Untimeliness [ECF No. 14].[1]  For the reasons discussed below, the motions will be granted.

### I. BACKGROUND

Plaintiff, a former employee of Dynamic Vision Home Health Services, alleges that she was wrongfully terminated on July 14, 2009 because of her race and national origin.  *See generally* Compl. at 2; Am. Compl. at 1.[2]  She brings this action against her former employer, the U.S. Equal Employment Opportunity Commission ("EEOC"), and the District of Columbia

---

[1] The Court will deny Plaintiff['s] Motion to Continue This Matter with Evidence of Documentations [ECF No. 17], and instead construe the submission as plaintiff's opposition to defendants' motions to dismiss.

[2] In light of plaintiff's *pro se* status, the Court liberally construes both the original complaint and exhibits [ECF No. 1] and the amended complaint [ECF No. 4] together as plaintiff's complaint.  Plaintiff has not numbered the pages of her complaint or her exhibits, and the Court will adopt the page numbers designated by ECF.

1

Office of Human Rights ("DCOHR") under Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. *See generally* Am. Compl. at 1; *see id*. Attach. (letter dated July 10, 2013).

Plaintiff contacted the EEOC by telephone on July 22, 2009, *see* Compl. at 3, 4, was asked to complete a questionnaire, *see id*. at 7 (Letter to plaintiff from EEOC dated July 22, 2009), and was informed that her discrimination complaint must be filed within 180 days of her termination, *see id*. She submitted a completed questionnaire to the EEOC, *id*. at 3, which the EEOC did not receive until June 28, 2010, *id*. at 6 (Letter to plaintiff from Mindy Weinstein, Acting Director, Washington Field Office, EEOC, dated July 8, 2013). Because plaintiff had not filed a charge of discrimination timely, the EEOC dismissed the charge and issued a right-to-sue letter on May 30, 2013. *Id*. at 12 (Dismissal and Notice of Rights dated May 30, 2013). Plaintiff believed that "for some reason they misplaced the document." *Id*. at 3; *see* Am. Compl. at 1.

Plaintiff also sought relief through the DCOHR. She completed an intake questionnaire on or about May 1, 2010, *see* Compl. at 18-19 (Employment Intake Questionnaire) and met with a DCOHR representative on July 16, 2010, *see id*. at 23 (Letter to plaintiff from Alease B. Parson, Supervisory Equal Opportunity Specialist, DCOHR, dated June 30, 2010). Ultimately, plaintiff received notice that DCOHR dismissed her case administratively:

> On July 10, 2010 [plaintiff] informed [the] desk receptionist that [she] had filed and signed a charge of discrimination with the EEOC in [its] Washington Field Office in reference to the same incident that [she] had wanted to pursue with the DC Office of Human Rights. In accordance with the Office of Human Rights (OHR) Contractual Agreement, the OHR is precluded from conducting an investigation once a Complainant has filed a case regarding the same issues with the EEOC.

*Id*. at 24 (Letter to plaintiff from Gustavo F. Velasquez, Director, DCOHR, dated July 21, 2010).

Plaintiff "would like [the Court] to check this matter" because the EEOC and DCOHR "didn't do the job right." *Id*. at 4.

## II. DISCUSSION

### *A. Dismissal Under Rule 12(b)(6)*

A complaint need only provide a "short and plain statement of [plaintiff's] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive defendants' motions to dismiss under Rule 12(b)(6), plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, it must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Iqbal*, 556 U.S. at 678)). For purposes of this discussion, the Court construes plaintiff's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and presumes that its factual allegations are true, *see Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2006). With these considerations in mind, the Court concludes that the complaint must be dismissed as against the EEOC and the DCOHR.

### *B. The Complaint Fails to State a Claim Against the EEOC*

It appears that plaintiff's sole claim against the EEOC arises from its handling, or mishandling, of her administrative charge of discrimination. There is "no cause of action against the EEOC . . . for challenges to its processing of a claim." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.) (per curiam), *cert. denied*, 522 U.S. 958 (1997); *Brown v. Berrein*, 923 F. Supp. 2d

43, 43-44 (D.D.C. 2013) (dismissing claim against EEOC and its Chairperson arising from handling and summary dismissal of plaintiff's charge of discrimination); *Greene v. Washington Field Office*, No. 11-2248, 2011 WL 6369780, at *1 (D.D.C. Dec. 19, 2011) (dismissing complaint against EEOC's Washington Field Office based on its processing of discrimination complaint against plaintiff's former employer), *aff'd sub nom. Greene v. EEOC*, 466 F. App'x 6 (D.C. Cir. 2012) (per curiam); *see also Koch v. White*, 967 F. Supp. 2d 326, 336 (D.D.C. 2013) (dismissing claim against agency's EEO counselor for alleged failure to provide adequate counseling services regarding administrative complaint of discrimination).[3] Therefore, the complaint fails to state a claim against the EEOC upon which relief can be granted.

## C. The Complaint Fails to State a Claim Against the DCOHR

Plaintiff fares no better with respect to her claim against DCOHR. "[T]he overwhelming weight of precedent in this Circuit . . . holds that in the absence of *explicit* statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 7 (D.D.C. 2000) (brackets, internal quotation marks and citations omitted). DCOHR is among those District government entities. *See Crew v. Barry*, No. 79-1383, 1979 WL 33, at *2 (D.D.C. Sept. 25, 1979) (finding that District of Columbia Commission on Human Rights and District of Columbia Office of Human Rights "are not independent agencies capable of suing or being sued"). Furthermore, even if plaintiff could have brought a claim against DCOHR directly, her complaint fails to state a viable

---

[3] In the alternative, the EEOC argues that the complaint should be dismissed as untimely. *See* Mem.in Support of Fed. Def.'s Mot. to Dismiss for Failure to State a Claim or Untimeliness at 8-9. According to defendant, the 90-day limitations period set forth in 42 U.S.C. § 2000e-5(f)(1) for the filing of this civil action would have ended on August 28, 2013. *Id.* at 9. Although plaintiff's complaint was officially placed on the Court's electronic docket on September 12, 2013, the Court treats the complaint as if it were filed on August 14, 2013, the date on which the Clerk of Court received it. *See* Compl. at 1 (date stamp). Therefore, plaintiff's complaint is timely filed.

claim. Missing from the complaint are any factual allegations as to the error or a violation of law committed by DCOHR. There simply are not sufficient well-pled facts from which the Court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. CONCLUSION

Because the complaint fails to state claims against the EEOC and the DCOHR, their motions to dismiss will be granted. An Order accompanies this Memorandum Opinion.

Signed: EMMET G. SULLIVAN
United States District Judge

Dated: September 18, 2014